COLE, Circuit Judge,
dissenting.
Because there are crucial discrepancies between the parties’ versions of what happened on the Maggie Lou — creating a textbook “genuine issue of material fact”— I believe summary judgment is inappropriate. I respectfully dissent.
As the majority notes, the question in this case is one of proximate cause: whether the Rogerses’ alleged negligence proximately caused Robert Lilly to fall to his death. In other words, the critical issue is *430 whether Lilly fell from the boat, for which the Rogerses would be liable if the boat was moored improperly, or whether Lilly fell from the dock, for which the Rogerses would not be liable. Assuming without deciding, as did the majority and the district court, that the proffered evidence is admissible, I cannot agree that “it is so one-sided that one party must prevail as a matter of law.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Indeed this is a classic case in which the “evidence presents a sufficient disagreement to require submission to a jury.” Id.
First, Officer Sapio’s report states, “While at the scene, a witness [Childs] came forward and stated that she was on the boat with the victim and that when he was stepping off the boat, he slipped and fell into the water.” Not only did Sapio later testify in depositions that Childs made this statement immediately after the accident and before Lilly’s body had been recovered, but Sapio also had reason to inquire carefully into and record this information: as an officer of the Ohio Department of Natural Resources (“ODNR”), he would only have jurisdiction over the matter if Lilly fell from the boat; if Lilly instead fell from the dock, the Cleveland Police Department would have jurisdiction. Second, Officer Gorman, a member of ODNR’s Watercraft Division, reported that Lilly “fell from the boat.” Third, the Watercraft Division investigation report, which notably labels the incident as a “Fall Overboard,” concluded, “As [Lilly] attempted to step on the dock he fell between [the] boat and the dock into the water.”
To be certain, this evidence is not undisputed. Shawver testified that he saw Lilly on the dock and then heard a splash, leading to the conclusion that Lilly fell from the dock. In addition, Childs testified at her deposition that she did not in fact know the location from which Lilly fell despite telling the investigative officers on the scene that Lilly had fallen as he was stepping off the boat. And there is testimony that Lilly was found in the water in the area between the dock and the boat, and not between the boat and the point of disembarkment; yet, this is only a difference of several feet, which Lilly could have traveled during his struggle.
In sum, although there is ample evidence from which a jury could conclude that Lilly fell from the dock, there is also considerable evidence that he fell from the boat. But, drawing all facts and reasonable inferences therefrom in the light most favorable to Lilly, as we must, I cannot agree that there is only one permissible conclusion. Indeed, to come to only one conclusion, in the face of this conflicting evidence, the district court must have weighed the evidence and made credibility determinations, functions which are solely within the province of the jury. Anderson, 477 U.S. at 255, 106 S.Ct. 2505.
Because this case presents genuine issues of material fact, only suitable for a jury to decide, I would hold that the Rog-erses are not entitled to summary judgment, and would remand to the district court so that it may decide the evidentiary issues in the first instance.